IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02718-BNB

TIMOTHY WHITE BODY, JR.,

Applicant,

v.

BLAKE R. DAVIS, Warden, F.C.I.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Timothy White Body, Jr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution at Englewood, Colorado. Mr. White Body has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting three claims apparently challenging the validity of his convictions and sentences in the tribal and federal courts. He has paid the $5.00 filing fee for a habeas corpus action.

The Court must construe the habeas corpus application liberally because Mr. White Body is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. White Body will be ordered to file an amended habeas corpus application.

According to the Court's independent research and the U.S. Party/Case Index, http://pacer.uscourts.gov, Mr. White Body was convicted pursuant to a plea agreement in the United States District Court for the District of North Dakota in *United States v. White Body*, No. 06-cr-00033-DLH-CSM-1 (D. N.D. Dec. 18, 2006). He was sentenced to seventy months in prison plus thirty-six months of supervised release.

Mr. White Body's first claim appears to attack his tribal court conviction; his second claim attacks his federal court conviction; and it is unclear whether his third claim attacks his tribal or federal court conviction. As a result, the Court finds that the application is deficient. The application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. White Body's habeas corpus application is vague. He fails to allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. White Body to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Rule 1(b) of the Section 2254 Rules applies the rules to a 28 U.S.C. § 2241 application. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2241. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant, Timothy White Body, Jr., file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. White Body, together with a copy of this order, two copies of the following form to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. White Body fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED February 12, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02718-BNB

Timothy White Body
Reg No. 09470-059
FCI - Englewood
9595 West Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 2/12/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk